| | |
|---|---|
| SAPIR & FRUMKIN LLP | OUTTEN & GOLDEN LLP |
| Donald L. Sapir | Adam T. Klein |
| Howard Schragin | Molly A. Brooks |
| 399 Knollwood Road, Suite 310 | 3 Park Avenue, 29th Floor |
| White Plains, New York 10603 | New York, New York 10016 |
| Telephone: (914) 328-0366 | Telephone: (212) 245-1000 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIFFANY RYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | Civil Action No. 12 Civ. 4844 (VLB)<br>ECF Case<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Tiffany Ryan ("Plaintiff"), on behalf of herself and all others similarly situated as a class representative, by her attorneys, Sapir & Frumkin LLP and Outten & Golden LLP, alleges:

### I. NATURE OF ACTION

1.  Defendant JPMorgan Chase Bank, N.A. ("Chase") is a U.S. bank and a wholly owned subsidiary of Defendant JPMorgan Chase & Co., a large financial services company principally located in the City and State of New York. Chase has over 180,000 employees nationwide and over 5,000 branches, the third largest number of employees and branches for any U.S. bank.

2.  Plaintiff Tiffany Ryan worked for Chase as an Assistant Branch Manager, a low-level position that requires no college education and primarily involves bank teller and customer service tasks.

3. Throughout the relevant period, it has been Chase's nationwide policy to deprive its Assistant Branch Managers of earned overtime wages. In order to avoid paying Assistant Branch Managers overtime premiums for hours they worked in excess of 40 in a workweek, Chase has uniformly misclassified them as exempt from federal overtime provisions. The primary duties of these employees do not fall under any exemption. Assistant Branch Managers perform their duties under the close supervision of more senior Chase employees and exercise little, or no, independent judgment and discretion. Assistant Branch Managers' primary duties do not vary significantly from one Chase branch to another.

4. Assistant Branch Managers regularly work in excess of 40 hours per week.

5. By the conduct described in this Collective Action Complaint, JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (together, "Defendants") have violated the Fair Labor Standards Act by failing to pay Assistant Branch Managers, including Plaintiff, required overtime. These violations arose out of Defendants' uniform company-wide policies and its pattern or practice of violating wage and hour laws.

6. Plaintiff brings this action on behalf of herself and other similarly situated current and former Assistant Branch Managers who worked for Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of FLSA 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants, that have deprived Plaintiff, as well as others similarly situated, of their lawful overtime wages.

7. This action is brought to recover unpaid overtime wages owed to Plaintiff and all current and former employees of Defendants who work or worked as Assistant Branch Managers

at Chase bank branches in New York State. Defendants have willfully committed widespread violations of the FLSA by misclassifying Assistant Branch Managers as exempt from federal overtime provisions and failing to pay them for time worked in excess of 40 hours in a week at a rate of one and one half times their regular rate of pay.

8. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 because the claims are brought pursuant to a federal statute, FLSA § 16(b), 29 U.S.C. § 216(b).

10. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11. Defendants are subject to personal jurisdiction in New York.

12. Defendants are headquartered in New York.

13. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in Westchester County, New York which is within the Southern District of New York, and Defendants maintain their principal place of business within the Southern District.

## III. **THE PARTIES**

**Defendants**

15. Defendant JPMorgan Chase & Co. is a company incorporated in Delaware, doing business within the State of New York and within the territorial limits of the United States District Court for the Southern District of New York. JPMorgan Chase & Co.'s corporate headquarters is located at 270 Park Avenue, New York, NY. JPMorgan Chase & Co. is a leading global financial services firm and one of the largest banking institutions in the United States.

16. Defendant JPMorgan Chase Bank, N.A., a wholly owned subsidiary of JPMorgan Chase & Co., is a U.S. bank with branches in 23 states. JPMorgan Chase Bank, N.A. does business within the State of New York and within the territorial limits of the United States District Court for the Southern District of New York.

17. Defendants are covered "employers" as defined by the FLSA, 29 U.S.C. §203(d).

18. Each Defendant has employed and/or jointly employed Plaintiff and those similarly situated during the period commencing at least 3 years prior to the filing of this Collective and Class Action Complaint.

19. The overtime provisions set forth in §207 of the FLSA, apply to Defendants.

**Tiffany Ryan**

20. Plaintiff is an adult who resides in Carmel, New York.

21. Plaintiff was employed by Defendants as an Assistant Branch Manager from on or about March 24, 2010 through on or about February 10, 2012.

22. During her employment, Plaintiff was employed in the position of Assistant Branch Manager in branches located in Pleasantville, New York and Bedford, New York.

23. During her employment with Defendants, Plaintiff routinely worked in excess of 40 hours per week.

24. Pursuant to Defendants' policy and practice, Defendants misclassified Plaintiff as "exempt" from the federal and state overtime laws and did not pay Plaintiff proper overtime premium for hours she worked for Defendants' benefit in excess of 40 hours in a workweek.

25. Throughout the relevant period, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e).

26. Plaintiff has filed a written consent to join this case.

### IV. FACTUAL ALLEGATIONS

27. Plaintiff was an employee for Defendants from on or about March 24, 2010 through on or about February 10, 2012.

28. Plaintiff's highest educational degree is high school.

29. Plaintiff was employed by Chase as an Assistant Branch Manager trainee for a three-month training program.

30. From on or about July 1, 2010 through August 31, 2011, Plaintiff worked as an Assistant Branch Manager at a Chase branch located on Bedford Road in Pleasantville, New York.

31. From September 1, 2012 through February 10, 2012, Plaintiff worked as an Assistant Branch Manager at a Chase branch in Bedford, New York.

32. Upon information and belief, Chase classifies its branches as small-sized, medium-sized, or large-sized depending on the amount of money maintained in the branch's vault.

33. Both Chase branches where Plaintiff was the Assistant Branch Manager were small-sized or medium-sized branches that employed two or less full-time Bank Tellers.

34. Upon information and belief, the tasks regularly performed by Plaintiff and other Assistant Branch Managers employed by Chase at small-sized and medium-sized branches employing two or less full time Bank Tellers in New York State (hereinafter "Relevant Branches") did not vary from branch to branch. The tasks regularly performed by Plaintiff included, but were not limited to: performing bank teller duties; customer service; reviewing new accounts to ensure proper documentation and identification; ensuring compliance with Chase and federal banking regulations; performing cash audits on bank tellers; ensuring that customers were paying for safety deposit boxes; escorting customers to safety deposit boxes; ensuring proper signage was posted in the branch; and other manual tasks that needed to be performed to help the branch run properly.

35. Plaintiff did not have the authority to hire, fire, or promote employees. Plaintiff did not set wages or work hours for employees assigned to her branch. Plaintiff was not responsible for employee work schedules. Plaintiff did not have the authority to formally discipline employees.

36. Plaintiff did not have authority to create or implement management policies or practices for Defendants.

37. Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of any of her duties and was required to follow the procedures and regulations issued by Defendants and state and federal banking regulations, and did not have any independent discretionary authority to deviate from these procedures.

38. Plaintiff could not enter contracts on behalf of Defendants, did not have the authority to negotiate or bind Defendants on significant matters, and could not commit Defendants to matters of significant financial impact.

39. Plaintiff's primary duties were mostly manual or clerical in nature. The performance of manual or clerical labor duties occupied the majority of Plaintiff's working hours.

40. The Assistant Branch Manager position was substantially the same as the position of Bank Teller, which is a non-exempt title, except that in accordance with Chase guidelines, the Assistant Branch Manager had a higher authority limit in terms of processing bank transactions, such as wire transfers and cash withdrawals, in the absence of the Branch Manager or with the Branch Manager's consent, and had limited authority to override certain compliance issues, such as allowing customers to cash checks without proper identification and approving payment of checks if an account was overdrawn.

41. During her employment with Defendants, Plaintiff regularly worked in excess of 40 hours per workweek.

42. Pursuant to Defendants' policy and pattern or practice, Defendants classified Plaintiff as exempt from overtime pay requirements and willfully failed to pay Plaintiff overtime compensation for the hours she worked for Defendants' benefit in excess of 40 in a workweek.

## V. COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this FLSA claim on behalf of herself and all persons who work or worked for Defendants as Assistant Branch Managers in Relevant Branches within the State of New York whom Defendants classified as exempt and who elect to opt-in to this action (the "FLSA Collective") at any time from three years prior to the filing of this Complaint to entry of judgment in this case (the "FLSA Collective Period").

44. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective. Upon information and belief, Chase operates more than 850 bank

branches in the State of New York of which more than two hundred are Relevant Branches, and each branch employs at least one Assistant Branch Manager. Accordingly, there are numerous similarly situated current and former employees of Defendants who have been denied one and one-half times their regular rate of pay for some or all hours worked in excess of 40 hours per week in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## VI. **FACTUAL ALLEGATIONS**

45. All of the work that Plaintiff and the FLSA Collective performed was assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

46. Upon information and belief, Defendants' business is a centralized, top-down operation controlled by Defendants' headquarters in New York.

47. During the relevant period, it has been Defendants' nationwide policy and pattern or practice to classify all Assistant Branch Managers as exempt from coverage of the overtime provisions of the FLSA.

48. Defendants made the decision to classify all Assistant Branch Managers as exempt.

49. Defendant paid all Assistant Branch Managers but failed to pay them for any hours they worked in excess of 40 hours in a workweek.

50. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This policy and

pattern or practice includes but is not limited to:

    a.    willfully failing to record all of the time that Plaintiff and the FLSA Collective members have worked for the benefit of the Defendants;

    b.    willfully misclassifying the Plaintiff and the FLSA Collective members as exempt from the requirements of the FLSA; and

    c.    willfully failing to pay Plaintiff and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours per week.

51. Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

52. Defendants were aware, or should have been aware, that federal law required them to pay Plaintiff and FLSA Collective members an overtime premium for hours worked in excess of 40 per week.

53. Defendants were aware, or should have been aware, that Plaintiffs and the FLSA Collective members (a) primarily performed bank teller and customer service tasks; (b) were closely supervised by more senior Chase employees; and (c) exercised little or no discretion in the performance of their duties.

54. Notwithstanding their job duties, Defendants classified Plaintiff and the FLSA Collective members as exempt employees in an attempt to avoid paying them overtime compensation.

55. Defendants' failure to pay Plaintiff and FLSA Collective members overtime wages for their work in excess of 40 hours per week was willful.

56.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## VII.  FIRST CLAIM FOR RELIEF
**(Fair Labor Standards Act Section 207(a), 29 U.S.C. § 207(a))**

57.     Plaintiff and the FLSA Collective reallege and incorporate by reference all allegations in all preceding paragraphs.

58.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

59.     Because Defendants' violations of the FLSA, including but not limited to misclassifying Assistant Branch Managers employed at Relevant Branches as exempt from overtime and failing to pay overtime compensation for hours worked in excess of 40 in a week, were willful, a three-year statute of limitations applies to each violation, pursuant to 29 U.S.C. § 255.

60.     Defendants have willfully and intentionally engaged in a widespread pattern, policy, and practice of violating the provisions of the FLSA, as detailed herein, by failing and refusing to pay Plaintiff and the FLSA Collective compensation for some or all hours worked in excess of 40 in an week at a rate of one and one half times their regular rate of pay as required by Section 207(a) of the FLSA, 29 U.S.C. § 207(a).

61.     At all times relevant, Plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

62.     The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the FLSA Collective.

63. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

65. Defendants employed Plaintiff and the members of the FLSA Collective as their employer.

66. Defendants failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

67. Defendants failed to keep accurate records of time worked by Plaintiff and the members of the FLSA Collective.

68. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

69. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Collective.

70. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

71. As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.  That, at the earliest possible time, Plaintiff be allowed to give notice of this Collective Action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by the Defendants as Assistant Branch Managers at Relevant Branches within New York State.  The notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit.

B.  Certification of this action as a collective action;

C.  Designation of the Plaintiff as Collective Representative;

D.  Compensation for unpaid hours worked in excess of 40 hours in a week at a rate of one and one half times the regular rate of pay and liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

E   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

F.  Appropriate equitable and injunctive relief to remedy Defendants' violations, incluDing but not limited to an order enjoining Defendants from continuing its unlawful practices;

G.  Pre-judgment interest and post-judgment interest as provided by applicable law;

H.  Attorneys' fees and costs of the action, including expert fees; and

I.  Such other injunctive and equitable relief as this Court shall deem just and proper.

## VIII. <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the FLSA Collective demand a trial by jury on all questions of fact raised by the Complaint.

Dated: White Plains, New York
       June 20, 2012                          Respectfully submitted,

                                       **SAPIR & FRUMKIN LLP**

                              By: <u>/s/ Donald L. Sapir</u>
                                  Donald L. Sapir (DS 2724)
                                  Howard Schragin (HS 2597)
                                  399 Knollwood Road, Suite 310
                                  White Plains, New York 10603
                                  Telephone: (914) 328-0366

                                  **OUTTEN & GOLDEN LLP**
                                  Adam T. Klein (AK 3293)
                                  Molly A. Brooks (MB 2360)
                                  3 Park Avenue, 29th Floor
                                  New York, New York 10016
                                  Telephone: (212) 245-1000
                                  Attorneys for Plaintiffs

F:\APPLICAT\WP\Ryan\Litigation\Ryan FLSA Collective Action Complaint.ECF.wpd\rlh

## CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I designate Sapir & Frumkin LLP and Outten & Golden LLP ("the Firms") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firms will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claim against JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. and/or related entities or persons potentially liable.

_Tiffany Ryan_
Signature

_Tiffany Ryan_
Full Legal Name (print)

_15 Harkin Road_
Address

_Carmel, New York_         _10512_
City, State                Zip Code


APPLICAT/WP/Ryan/Consent Form.doc