UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TIFFANY RYAN, individually and on behalf of     :
all others similarly situated,                                       :
                           Plaintiff,                   :         **MEMORANDUM DECISION**
                                                                          :
v.                                                                        :         12 CV 4844 (VB)
                                                                          :
JPMORGAN CHASE & CO., and JPMORGAN      :
CHASE BANK, N.A.,                                          :
                           Defendants.                :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Tiffany Ryan, a former Assistant Branch Manager of JPMorgan Chase Bank, N.A. ("Chase"), brings this putative collective action alleging defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  Specifically, plaintiff alleges defendants failed to compensate her and others similarly situated for lawful overtime wages.

      Defendants move to dismiss the action, or in the alternative stay it, and to compel arbitration of Ryan's claim on an individual basis pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.  (Doc. #2).

      For the reasons set forth below, defendants' motion to dismiss and to compel arbitration is GRANTED.

      The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337.

**BACKGROUND**

      For the purpose of ruling on this motion, the Court considers only the evidence relevant to defendants' motion to dismiss and to compel arbitration.

In March 2010, Chase hired plaintiff as an Assistant Branch Manager. Upon accepting her employment, plaintiff signed a Binding Arbitration Affirmation ("Affirmation"), dated March 11, 2010, which provides in pertinent part:

> I understand my employment is subject to my and JPMorgan Chase's agreement to submit employment-related disputes that cannot be resolved internally to binding arbitration, as set forth in the Binding Arbitration Agreement <http://www.jpmorganchase.com/pdfdoc/JPMCArbAgreement>. By signing below I acknowledge and agree that I have read and understand the Binding Arbitration Agreement, have accepted its terms and understand that it is a condition of my employment with JPMorgan Chase.

The Binding Arbitration Agreement ("BAA") to which the Affirmation refers contains the following:

> As a condition of and in consideration of my employment with JPMorgan Chase & Co. or any of its direct or indirect subsidiaries, I agree with JPMorgan Chase as follows:
>
> **1. SCOPE:** Any and all "Covered Claims" (as defined below) between me and JPMorgan Chase . . . shall be submitted to and resolved by final and binding arbitration in accordance with this Agreement.
>
> **2. COVERED CLAIMS:** "Covered Claims" include all legally protected employment-related claims, . . . that I have or in the future may have against JPMorgan Chase . . . which arise out of or relate to my employment or separation from employment with JPMorgan Chase . . . including, but not limited to, claims . . . [under] the Fair Labor Standards Act of 1938 . . . .
>
> . . . .
>
> **4. CLASS ACTION/COLLECTIVE ACTION WAIVER:** All Covered Claims under this Agreement must be submitted on an individual basis. **No claims may be arbitrated on a class or collective basis**. Covered Parties expressly waive any right with respect to any Covered Claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Furthermore, if a court orders that a class, collective, or other representative or joint action should proceed, in no event will such action proceed in the arbitration forum. Claims may not be joined or consolidated in arbitration with disputes brought by other individual(s), unless agreed to in writing by all parties.

> . . . .
>
> **7. ARBITRATION PROCEEDINGS:** . . . . **(a) Fees:** All ordinary and reasonable administrative expenses of the arbitration, including fees for a single arbitrator, hearing room expenses, travel expenses of the arbitrator, the AAA representatives (if applicable), and any witnesses produced at the arbitrator's specific request and not otherwise called by a party, will be paid completely by JPMorgan Chase. . . . Except as otherwise provided by law, all attorney's fees shall be paid by the party that incurs them.

## DISCUSSION

I.  Standard of Review

"In the context of motions to compel arbitration brought under the Federal Arbitration Act, the court applies a standard similar to that applicable for a motion for summary judgment." Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003) (citations omitted). Accordingly, the Court must grant a motion to compel arbitration if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the nonmoving party. See id. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

The party opposed to arbitrating its claim "bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000) (citations omitted). In addition, the party claiming the arbitration agreement is invalid "on the ground that arbitration would be prohibitively expensive, . . . bears the burden of showing the likelihood" that such costs will be incurred. Id. at 92.

If the Court finds the arbitration agreement is valid, and the claim is arbitrable, the Court may dismiss the case and order the parties to arbitrate. See Cohen v. UBS Fin. Servs., Inc., 2012 WL 6041634, at *2 (S.D.N.Y. Dec. 4, 2012) (citing LaVoice v. UBS Fin. Servs., Inc., 2012 WL 124590, at *2 (S.D.N.Y. Jan. 13, 2012)); Reynolds v. de Silva, 2010 WL 743510, at *8-9 (S.D.N.Y. Feb. 24, 2010) ("[A]ll courts of which we are aware have followed the rule that, where all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings." (internal quotation marks and citations omitted)).

II.     Arbitrability of Plaintiff's Claim Under the FAA

   A.     The FAA

"The FAA was enacted in 1925 in response to widespread judicial hostility to arbitration agreements." AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011) (citation omitted). The FAA "establishe[d] that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Thus, the FAA reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 131 S. Ct. at 1745 (internal quotation marks and citations omitted). But, "'by agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial,

4

forum.'" Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985)).

To decide a motion to compel arbitration of a plaintiff's claim founded on statutory rights, the district court must determine: (1) whether the parties agreed to arbitrate; (2) the scope of that agreement; and (3) "if federal statutory claims are asserted, . . . whether Congress intended those claims to be nonarbitrable." Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 844 (2d Cir. 1987) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. at 626-29).

The parties agree that plaintiff signed an employment contract containing the BAA and thus agreed to arbitration; her claim is within the scope of the BAA because it arises out of her employment; and Congress intended FLSA claims to be arbitrable. Nevertheless, plaintiff contends the BAA is unenforceable because (i) the right to collective action cannot be waived, (ii) she will be prevented from vindicating her statutory rights if she has to arbitrate individually, and (iii) the BAA is contrary to federal policy expressed in the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-69, and the Norris-LaGuardia Act ("NLA"), 29 U.S.C. §§ 101-15.

B.   A Collective Action Waiver is Not Per Se Unenforceable

In AT&T Mobility LLC v. Concepcion, the Supreme Court struck down California's prohibition on class waivers in consumer arbitration agreements, reasoning that "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." AT&T Mobility LLC v. Concepcion, 131 S. Ct. at 1748. Following AT&T Mobility, the Second Circuit noted that class waivers are not per se unenforceable so long as the plaintiff has the opportunity to vindicate her statutory rights. See In re Am. Express Merch. Litig. ("Amex III"), 667 F.2d 204, 219 (2d Cir. 2012). This comports with decisions in other circuits, which have found the right to proceed collectively is procedural, and

thus can be waived.  See Torres v. United Healthcare Servs., Inc., 2013 WL 387922, at *4 & n.2 (E.D.N.Y. Feb. 1, 2013) (noting the Second Circuit has not addressed the issue of collective action waivers in FLSA cases, but the Fourth, Fifth, and Ninth Circuits have upheld such waivers).

Following this clear precedent, this Court concludes collective action waivers are not per se unenforceable due to the "FAA's 'overarching purpose' of 'ensur[ing] the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings.'" LaVoice v. UBS Fin. Servs., Inc., 2012 WL 124590, at *6 (quoting AT&T Mobility LLC v. Concepcion, 131 S. Ct. at 1748).  The Court is not persuaded by the few non-binding reported decisions which have held to the contrary.  See, e.g., Raniere v. Citigroup Inc., 827 F. Supp. 2d 294 (S.D.N.Y. 2011), appeal docketed, No. 11-5213 (2d. Cir. Dec. 15, 2011); D.R. Horton, Inc., 357 N.L.R.B. No. 184, 2012 WL 36274, at *1 (Jan. 3, 2012), appeal docketed sub nom D.R. Horton, Inc. v. NLRB, No. 12-60031 (5th Cir. Jan. 13, 2012).[1]

Therefore, plaintiff's contention that her right to proceed collectively under the FLSA cannot be waived is without merit.

C.   Statutory Rights Analysis

Plaintiff's second argument turns on whether the BAA is unenforceable because it precludes her from vindicating her federal statutory rights under the FLSA.  The Second Circuit has partly addressed this issue in a series of recent decisions.  See generally Amex III, 667 F.3d 204 (2d Cir. 2012).

---

[1] Defendants note the Court of Appeals for the District of Columbia Circuit recently vacated D.R. Horton because it was decided by an unconstitutionally constituted panel of the NLRB.  See Noel Canning v. NLRB, 2013 WL 276024, *1 (D.C. Cir. Jan. 25, 2013) (rejecting certain Presidential recess appointments).  Because the Court finds D.R. Horton unpersuasive, it need not address the decision's constitutionality.

In In re Am. Express Merch. Litig. ("Amex I"), 554 F.3d 300 (2d Cir. 2009), an antitrust case involving a commercial contract containing a collective action waiver, the court joined other circuits in analyzing the waiver "under the federal substantive law of arbitrability." Id. at 312.  It specifically adopted the Eleventh Circuit's reasoning, finding a class action waiver should be evaluated on a case-by-case basis, considering "'the fairness of the provisions, the cost to an individual plaintiff of vindicating the claim when compared to the plaintiff's potential recovery, the ability to recover attorneys' fees and other costs and thus obtain legal representation to prosecute the underlying claim,'" the practical impact of the waiver, and related public policy. Id. at 321 (quoting Dale v. Comcast Corp., 498 F.3d 1216, 1224 (11th Cir. 2007)).

Taking these factors into consideration, the court in Amex I found the class action waiver at issue was unenforceable because the plaintiff demonstrated arbitration would be "prohibitively expensive." Id. at 315-16.  It reasoned that plaintiff's expert, who reviewed the case to determine the "economic rationality of bringing an individual action against Amex," found the median plaintiff had a potential recovery of treble damages for $5,252. Id. at 316-17.  Further, the expert concluded it "would not be worthwhile for an individual plaintiff . . . to pursue individual arbitration or litigation where the out-of-pocket costs, just for the expert economic study and services, would be at least several hundred thousand dollars, and might exceed $1 million." Id. at 317.

The Supreme Court vacated Amex I, and remanded for reconsideration in light of Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1773-75 (2010), which held class arbitration could not be imposed on parties who had not otherwise agreed to it. Am. Express Co. v. Italian Colors Rest., 130 S. Ct. 2401 (2010).  Upon rehearing, the Second Circuit adhered to its analysis in Amex I and found its decision "unaffected by Stolt-Nielsen." In re Am. Express

Merch. Litig. ("Amex II"), 634 F.3d 187, 189 (2d Cir. 2011).  The court reasoned that its "prior holding focused not on whether the plaintiffs' contract provides for class arbitration, but on whether the class action waiver is enforceable when it would effectively strip plaintiffs of their ability to prosecute alleged antitrust violations."  Id. at 193-94.

Then, after the Supreme Court's decision in AT&T Mobility LLC v. Concepcion, the Second Circuit sua sponte reexamined its Amex II decision.  Amex III, 667 F.3d at 206.  In Amex III, the court stood by its two prior decisions and held that "as the class action waiver in this case precludes plaintiffs from enforcing their statutory rights, . . . the arbitration provision [is] unenforceable."  Id. at 218-19.  Noting that plaintiffs need "to have the opportunity to vindicate their statutory rights," id. at 219, the court explained that "the cost of plaintiffs' individually arbitrating their dispute with Amex would be prohibitive, effectively depriving plaintiffs of [their] statutory protection."  Id. at 217.[2]

Several judges in this District have applied the Amex line of cases to determine whether an arbitration agreement prevented plaintiffs from vindicating their statutory rights.  Class action waivers have been held unenforceable when plaintiff claimed damages of $3,734.04, expert fees totaling $58,500, and attorney's fees of $166,000 that were not recoverable in arbitration, Sutherland v. Ernst & Young LLP, 768 F. Supp. 2d 547, 551-52 (S.D.N.Y. 2011), or when plaintiff brought a Title VII pattern or practice claim that could only be pursued as a class, Chen-Oster v. Goldman, Sachs & Co., 785 F. Supp. 2d 394, 408-09 (S.D.N.Y. 2011).  In contrast, class action waivers have been upheld when each plaintiff's individual damages exceeded $45,000,

---

[2]  The Supreme Court has granted certiorari to review Amex III.  Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 594 (2012).  The question presented is:  "Whether the Federal Arbitration Act permits courts, invoking the 'federal substantive law of arbitrability,' to invalidate arbitration agreements on the ground that they do not permit class arbitration of a federal-law claim."

Cohen v. UBS Fin. Servs., Inc., 2012 WL 6041634, at *5, or when plaintiffs would not likely incur substantial expert fees and could recover attorney's fees in arbitration, LaVoice v. UBS Fin. Servs., Inc., 2012 WL 124590, at *7-8.  See also Torres v. United Healthcare Servs., Inc., 2013 WL 387922, at *7-8 (distinguishing Sutherland because plaintiff failed to provide costs of pursuing individual claims).

Applying the facts of this case to the law as enunciated by the Second Circuit, and considering the FAA's "liberal federal policy favoring arbitration," the Court finds plaintiff has failed to satisfy her burden to show that arbitrating her claim individually precludes her from vindicating her statutory rights.  Plaintiff estimates she has $9,817.50 in damages for her overtime claim, including liquidated damages, and her opposition papers note she individually "will pursue higher damages in this action."[3]  Therefore, at a minimum, plaintiff's damages are almost double those pursued in Amex and almost three times those pursued in Sutherland.  See Amex I, 554 F.3d at 317; Sutherland v. Ernst & Young LLP, 768 F. Supp. 2d at 551.  See also Miguel v. JPMorgan Chase Bank, N.A., 2013 WL 452418, at *7 (C.D. Cal. Feb. 5, 2013) (upholding JPMorgan's BAA despite plaintiff's estimated recovery of less than $1,200).  And plaintiff's costs are substantially less than in Amex or Sutherland:  plaintiff does not allege she will incur expert fees, the BAA obligates defendants to pay the costs of arbitration, and, under 29 U.S.C. § 216(b), defendants will pay plaintiff's reasonable attorney's fees if she prevails in arbitration.  Compare Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 118-19 (2d Cir. 2010) (rejecting arbitration agreement that contained a fee-shifting provision requiring plaintiff to pay defendant's attorney's fees).

---

[3]  Defendants estimate plaintiff's damages claim as $42,751.80, based on plaintiff's calculations and the complaint.

9

At bottom, the Court finds the BAA's class action waiver is fair, permits plaintiff to vindicate her statutory rights under the FLSA, does not hinder her ability to recover attorney's fees or costs, and comports with public policy favoring arbitration and honoring private contracts.  Accordingly, plaintiff has failed to satisfy her burden to show that "the claims at issue are unsuitable for arbitration," and that "arbitration would be prohibitively expensive." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. at 91-92.

D.     Arbitrability of Plaintiff's Claim Under Other Federal Statutes

Plaintiff's next contends the BAA is unenforceable because it violates both the NLA and the NLRA.

These arguments are without merit.  First, the NLA does not apply to arbitration agreements like the BAA.  See 29 U.S.C. § 103(a), (b); Movant v. P.F. Chang's China Bistro, Inc., 870 F. Supp. 2d 831, 843-44 (N.D. Cal. 2012).  Second, this Court joins numerous other courts in finding the NLRA does not determine whether a plaintiff has a right to bring a collective action under the FLSA, see, e.g., Miguel v. JPMorgan Chase Bank, N.A., 2013 WL 452418, at *7; Torres v. United Healthcare Servs., Inc., 2013 WL 387922, and in rejecting the reasoning of D.R. Horton, 357 N.L.R.B. No. 184, 2012 WL 36274, and Owen v. Bristol Care, Inc., 2012 WL 1192005 (W.D. Mo. Feb. 28, 2012), rev'd, 702 F.3d 1050 (8th Cir. 2013).[4]

---

[4]  Because the Court finds the NLA and NLRA do not preclude individual arbitration, it need not reach the parties' arguments whether the FAA, NLA, and NLRA are in conflict.

## CONCLUSION

Defendants' motion to dismiss is GRANTED, and the parties are ordered to arbitrate plaintiff's claim under the Binding Arbitration Agreement.

The Clerk is instructed to terminate the motion (Doc. #2) and close this case.

Dated: February 21, 2013
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge