Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
Tel:  609.919.6600
Fax:  609.919.6701
www.morganlewis.com

RECEIVED
JAN 31 2013
CHAMBERS OF
VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

# Morgan Lewis

COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

RANDALL B. SUNBERG
Partner-in-Charge

**Thomas A. Linthorst**
609.919.6642
tlinthorst@morganlewis.com

Docket in case #_____ CV/CR _____
As: _____
Date: 2/22/12

January 31, 2013

**VIA FACSIMILE [914-390-4170]**

Hon. Vincent L. Briccetti
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**Re:   Tiffany Ryan v. JP Morgan Chase & Co., et al., Docket No. 12-cv-4844 (VLB)**

Dear Judge Briccetti:

We represent Defendants in the above referenced matter.  This letter responds to Mr. Schragin's letter dated January 24, 2013, and provides supplemental authority with respect to the decision of the National Labor Relations Board ("NLRB") in *D.R. Horton*, 357 NLRB No. 184 (January 3, 2012).  In the January 24 letter, Mr. Schragin states that "the NLRB will issue a Complaint against JPMC alleging an unfair labor practice in connection with JPMC's maintenance and enforcement of the arbitration agreement in question, and that it will issue this Complaint unless it is able to work out a resolution with JPMC."  For several reasons, the purported intent of the NLRB to issue a Board complaint does not impact the pending motion to compel arbitration.

First, as the letter notes, any such complaint would be based on the NLRB's January 3, 2012 decision in *D.R. Horton*, 357 NLRB No. 184.  A recent decision of the United States Court of Appeals for the D.C. Circuit confirms that the NLRB's decision in *D.R. Horton* is invalid.  *Noel Canning v. NLRB*, 2013 WL 276024 (D.C. Cir., January 25, 2013).  In *Noel Canning*, the Court held that the Constitution gives a president the power to issue a recess appointment only if (a) the vacancy arose during an intersession recess between formal sessions of Congress, and (b) the appointment is made during *the same* intersession recess.  Here, NLRB Member Craig Becker – a recess appointee – was one of the two individuals to decide *DR Horton*.  Based on *Noel Canning*, however, Member Becker's "recess" appointment on March 27, 2010 was

Almaty  Beijing  Boston  Brussels  Chicago  Dallas  Frankfurt  Harrisburg  Houston  Irvine  London  Los Angeles  Miami
Moscow  New York  Palo Alto  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Tokyo  Washington  Wilmington

DB1/ 72982380.1



**Morgan Lewis**
COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

Hon. Vincent L. Briccetti
January 31, 2013
Page 2

unconstitutional.[1]  The President made this appointment intra-session (during the second session
of the 111th Congress),[2] and the appointment purported to fill a vacancy on the Board that
originated on December 17, 2004.[3] As a result, Member Becker's recess appointment was
unconstitutional and the Board had no authority to issue the decision in *D.R. Horton.*

Second, in addition to Member Becker's improper appointment, as more fully explained in
Defendants' motion to compel arbitration, this Court need not – and should not – defer to the
NLRB's *D.R. Horton* decision.  Even if Member Becker had been properly appointed, which he
was not, *D.R. Horton* was issued by only two NLRB members, even though 29 U.S.C. § 153(b)
requires that a quorum of three members participate in each decision.  Moreover, the NLRB's
*D.R. Horton* decision has been nearly uniformly rejected by the federal courts.  *See, e.g., Owen v.
Bristol Care, Inc.*, --- F.3d ---, 2013 WL 57874 (8th Cir. Jan. 7, 2013) (declining to follow *D.R.
Horton* and noting that "nearly all of the district courts to consider the decision have declined to
follow it").

Finally, as the letter notes, no complaint has been issued by the NLRB to date.  Even if one
should be issued, issuance of a complaint by the NLRB is meaningless as a matter of law.  It
does not signify any adjudication of the issue in the Charging Parties' favor.  *See* 29 C.F.R.
§ 102.15.

Respectfully submitted,

Thomas A. Linthorst

c:      Donald L. Sapir, Esq. (via email)
        Adam T. Klein, Esq. (via email)
        Molly A. Brooks, Esq. (via email)

---

[1]     http://www.whitehouse.gov/the-press-office/president-obama-announces-recess-appointments-key-administration-positions

[2]     See Congressional Directory for the 112th Congress, http://www.gpo.gov/fdsys/pkg/CDIR-2011-12-01/pdf/CDIR-2011-12-01.pdf (pages 536-538).

[3]     http://www.nlrb.gov/members-nlrb-1935.