Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



RECEIVED
FEB -8 2013
CHAMBERS OF
VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

# Morgan Lewis
COUNSELORS AT LAW

**Thomas A. Linthorst**
Partner
609.919.6642
tlinthorst@morganlewis.com

Docket in case # _____ CV/CR _____
As: [signature]
Date: 2/22/12

February 8, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/13

## VIA FACSIMILE (914) 390-4170

Hon. Vincent L. Briccetti
U.S. District Court for the
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:  Tiffany Ryan v. JPMorgan Chase & Co., et al.
     Docket No. 12-cv-4844-VLB

Dear Judge Briccetti:

We represent Defendants in the above referenced case. In further support of their Motion to Dismiss, or in the Alternative, to Stay Action, and to Compel Arbitration (Dkt. No. 2), Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. hereby notify the Court of a February 5, 2013 decision by the U.S. District Court for the Central District of California in *Miguel v. JPMorgan Chase Bank, N.A.*, No. CV 12-3308, 2013 U.S. Dist. LEXIS 16865 (C.D. Cal. Feb. 5, 2013), and a February 1, 2013 decision by the U.S. District Court for the Eastern District of New York, *Torres v. United Healthcare Services Inc.*, No. 12-cv-923, -- F. Supp. 2d --, 2013 WL 387922 (E.D.N.Y. Feb. 1, 2013).

In *Miguel*, the district court compelled individual arbitration of a putative class action of wage and hour claims based on the same arbitration agreement (Chase's Binding Arbitration Agreement) at issue in this case. *Miguel*, 2013 U.S. Dist. LEXIS 16865, at *2-5. The court distinguished *In re: D.R. Horton*, 375 NLRB No. 184, 2012 WL 36274 (Jan. 3, 2012), finding the reasoning of the Eighth Circuit in *Owen v. Bristol Care*, 702 F.3d 1050 (8th Cir. 2013) persuasive. *Miguel*, 2013 U.S. Dist. LEXIS 16865, at *21-23 (recognizing that, just as in *Owen*, Chase's Binding Arbitration Agreement still permits filing of claims with administrative agencies able to bring suit on behalf of a class of employees and, in any event, *D.R. Horton* is owed no deference).

Almaty  Beijing  Boston  Brussels  Chicago  Dallas  Frankfurt  Harrisburg  Houston  Irvine  London  Los Angeles  Miami
Moscow  New York  Palo Alto  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Tokyo  Washington  Wilmington

Hon. Vincent L. Briccetti
February 8, 2013
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

*Torres* is yet another decision by a New York District Court enforcing an arbitration agreement with class/collective action waiver in a putative FLSA collective action, rejecting the argument that collective action waivers are *per se* unenforceable and ruling that *D.R. Horton* did not preclude enforcement of the collective action waiver. *Torres*, 2013 WL 387922, at *5-*9.

Respectfully submitted,

Thomas A. Linthorst/SAR

Thomas A. Linthorst

TAL/dpa

c: Donald L. Sapir, Esq. (via email)
   Adam T. Klein, Esq. (via email)
   Molly A. Brooks, Esq. (via email)